# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> FRESNO COUNTY SHERIFF, et al., <br><br> Defendants. | Case No. 1:19-cv-01069-LJO-BAM (PC) <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT, AND DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL <br><br> (ECF No. 14) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Perry Washington is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 3, 2020, the Court issued a screening order finding that Plaintiff had failed to state any cognizable claim for relief in his complaint and directing Plaintiff to file either a first amended complaint or a notice of voluntary dismissal, within thirty days from the date that the order was served. (ECF No. 13.) Therefore, Plaintiff's first amended complaint or a notice of voluntary dismissal is currently due on February 5, 2020.

Currently before the Court is Plaintiff's motion for a 60-day extension of time to file a first amended complaint and for appointment of counsel, filed on January 16, 2020. (ECF No. 14.) Plaintiff contends that he needs a 60-day extension of time and appointed counsel because he is incarcerated in the Fresno County Jail, he does not have access to all of his documentation,

1

jail staff have denied him access to the law library, and he has a mental deficiency or disability that makes it hard for him to write down facts.

With regards to Plaintiff's request for an extension of time, the Court finds good cause to grant, in part, the requested extension of time. Fed. R. Civ. P. 6(b). However, the Court determines that an extension of thirty days, rather than sixty days, is reasonable under the circumstances. Therefore, Plaintiff's motion for an extension of time to file a first amended complaint is granted in part.

With regards to Plaintiff's motion for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. First, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Second, "a plaintiff's statement that he lacks law library access, standing alone, will not automatically result in the appointment of counsel." Pleasant v. Warner, No. 3:19-cv-05249-RJB-JRC, 2019 WL 2357929, at *3 (W.D. Wash. Jun. 4, 2019); see also Williams v. Waddington, No. C07-5216-

| | |
|---|---|
| 1 | RBL-KLS, 2007 WL 2471674, at *1 (W.D. Wash. Aug. 29, 2007); <u>Moore v. Philips</u>, No. 10-cv- |
| 2 | 3273, 2010 WL 5067823, at *1-2 (C.D. Ill. Dec. 7, 2010). |

Third, "[a]n incapacitating mental disability may be grounds for appointment of counsel in some cases, but a plaintiff making that argument must present substantial evidence of incompetence." <u>Meeks v. Nunez</u>, No. 13CV973-GPC(BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017). Further, the Court must be able to find a nexus between the mental disability and Plaintiff's ability to articulate his claims. See <u>McElroy v. Cox</u>, No. 08-1221-JM (AJB), 2009 WL 4895360, at *2 (E.D. Cal. Dec. 11, 2009). In this case, while Plaintiff alleges that he has a mental deficiency/disability that makes it hard for him to write down facts, Plaintiff has failed to provide the Court with any medical evidence to substantiate the scope of his mental impairment due to his claimed disability and any evidence demonstrating that his mental impairment would impair his prosecution of this action. See <u>Meeks</u>, 2017 WL 476425, at *3 (denying appointment of counsel when plaintiff submitted a document asserting a mental impairment of schizoaffective disorder, but failed to submit any medical records to support his diagnosis or any documents demonstrating the effects of his diagnosis on the prosecution of the case); <u>West v. Dizon</u>, No. 2:12-cv-1293-DAD P, 2014 WL 114659, at *4 (E.D. Cal. Jan. 9, 2014) (denying appointment of counsel where plaintiff alleged that he had a mental disability, but failed to provide the court with any "evidence detailing its nature or effects"). Therefore, the Court finds that Plaintiff's claimed mental disability does not establish exceptional circumstances warranting the appointment of counsel.

Fourth, Plaintiff has not demonstrated that he has a likelihood of succeeding on the merits of any of his claims. Further, based on a review of the record, the Court finds that Plaintiff's claims do not appear to present novel or complex issues of substantive law, and that Plaintiff can adequately articulate his claims. Therefore, Plaintiff's motion for appointment of counsel is denied, without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file a first amended complaint, (ECF No. 14), is GRANTED IN PART;

2. The Clerk's office shall send Plaintiff a complaint form;

3

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified in the Court's January 3, 2020 screening order, or file a notice of voluntary dismissal; and

4. <u>If Plaintiff fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for failure to state a claim, failure to prosecute, and failure to obey a court order</u>; and

5. Plaintiff's motion for appointment of counsel, (ECF No. 14), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 17, 2020**          /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE