# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01069-NONE-SKO (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>21-DAY DEADLINE |

Perry Washington initiated this action on August 5, 2019, while incarcerated at Fresno County Jail. (*See* Doc. 1.) Plaintiff alleges that Fresno County sheriff's deputies subjected him to sexual assault, failed to protect him from abuse, and denied him adequate medical care on July 24 and 25, 2019, less than two weeks before he filed suit. (*See* Doc. 19.) Thus, in its screening order, the Court informed Plaintiff that he "filed suit prematurely without first exhausting his administrative remedies" pursuant to the Prison Litigation Reform Act. (Doc. 13 at 6.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). Inmates are required to "complete the administrative review process in accordance with

the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit on August 5, 2019. Thus, in its screening order, the Court instructed Plaintiff to file an amended complaint and "explain the status of his exhaustion requirement and why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit." (Doc. 13 at 6.)

Plaintiff filed a first amended complaint on February 10, 2020 (Doc. 19). Plaintiff attaches copies of several inmate grievances that he filed while at Fresno County Jail, some of which are related to the claims in his complaint, some of which are not, but none of which were filed prior to August 5, 2019. (*See id.* at 8-20.) Plaintiff also does not explain why this action should not be dismissed for failure to exhaust.

Accordingly, **within 21 days,** Plaintiff shall show cause in writing why this action should not be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit. Alternatively, Plaintiff may file a notice of voluntary dismissal. **Plaintiff is advised that failure to timely respond to this order will result in dismissal of this action with prejudice for failure to obey a court order.**

IT IS SO ORDERED.

Dated: __**March 27, 2020**__            /s/ *Sheila K. Oberto*
                                                                           UNITED STATES MAGISTRATE JUDGE