1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   PERRY WASHINGTON,                    Case No. 1:19-cv-01069-NONE-SKO (PC)

12              Plaintiff,                **FINDINGS AND RECOMMENDATIONS TO
                                          DISMISS ACTION FOR FAILURE TO
13        v.                              EXHAUST ADMINISTRATIVE REMEDIES**

14   FRESNO COUNTY SHERIFF, et al.,       21-DAY DEADLINE

15              Defendants.

16

17        Plaintiff Perry Washington initiated this civil rights action on August 5, 2019. (*See* Doc.

18   1.) Plaintiff alleges that, on July 24 and 25, 2019, sheriff's deputies subjected him to sexual

19   assault, failed to protect him from abuse, and denied him adequate medical care. (*See* Doc. 19.) In

20   its first screening order, the Court informed Plaintiff that he "filed suit prematurely without first

21   exhausting his administrative remedies" pursuant to the Prison Litigation Reform Act (PLRA).

22   (Doc. 13 at 6.)

23        Accordingly, on March 7, 2020, the Court issued an order to show cause why this action

24   should not be dismissed for failure to exhaust administrative remedies. (Doc. 22.) Plaintiff filed a

25   response on April 17, 2020. (Doc. 25.) In his response, Plaintiff states that, after he "filed suit on

26   August 5, 2019, [he has] since … exhausted administrative remedies." (*Id.* at 2.) His grievances

27   were "not sustained." (*Id.*)

28   ///

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under … any other Federal law … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Though Plaintiff's allegations are troubling, "exhaustion is mandatory under the PLRA." *Jones*, 549 U.S. at 211. Exhaustion must be completed *before* the filing of a complaint; it cannot be completed during the pendency of lawsuit. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *cf. Rhodes v. Robinson*, 621 F.3d 1002, 1005-07 (9th Cir. 2010). Thus, even though Plaintiff asserts that he exhausted his remedies, because he exhausted after he filed his complaint, the Court is required to dismiss this action. Dismissal will be "without prejudice," meaning that Plaintiff may file a new lawsuit based on the claims in this case.

Based on the foregoing, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).

///

///

///

///

2

1      **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff

2    may file written objections with the Court. The document should be captioned, "Objections to

3    Magistrate Judge's Findings and Recommendations." Failure to file objections within the

4    specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839

5    (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

6

7    IT IS SO ORDERED.

8    Dated:   **April 20, 2020**          /s/ *Sheila K. Oberto*

9                                    UNITED STATES MAGISTRATE JUDGE

3