1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PERRY WASHINGTON,                        No. 1:19-cv-01069-NONE-SKO (PC)

12                        Plaintiff,           ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS AND DISMISSING
13          v.                                 ACTION WITHOUT PREJUDICE

14    FRESNO COUNTY SHERIFF, et al.,
                                               (Doc. No. 26)
15                        Defendants.

16

17          Plaintiff Perry Washington is detained in county jail and proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred

19   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On March 27, 2020, the assigned magistrate judge ordered plaintiff to show cause in

21   writing why this action should not be dismissed for failure to exhaust his administrative remedies

22   prior to filing suit.  (Doc. No. 22.) Plaintiff filed a response on April 17, 2020.  (Doc. No. 25.)  In

23   his response, plaintiff states that he exhausted administrative remedies "after [he] filed suit on

24   'August 5, 2019.'"  (*Id.* at 2.)

25          Accordingly, on April 21, 2020, the assigned magistrate judge filed findings and

26   recommendations, recommending that this action be dismissed without prejudice due to

27   plaintiff's failure to exhaust administrative remedies prior to filing suit as required.  (Doc. No.

28   26.)  The magistrate judge noted that exhaustion of such administrative remedies must be

1   completed prior to filing a complaint, not during the pendency of a lawsuit.  (*Id.* at 2 (citing

2   *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).)  The magistrate judge provided

3   plaintiff 21 days to file objections to the findings and recommendations.  (*Id.* at 3.)  Plaintiff has

4   not filed any objections and the time to do so has passed.

5        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

6   *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings

7   and recommendations to be supported by the record and proper analysis.  As the magistrate judge

8   correctly found, exhaustion is mandatory under the Prison Litigation Reform Act and

9   "unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (citation

10  omitted).  Although failure to exhaust is generally an affirmative defense that the defendant must

11  plead and prove, *id.* at 216, courts may dismiss a claim if the failure to exhaust administrative

12  remedies is clear on the face of the complaint, *see Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir.

13  2014).  Here, it is clear on the face of his complaint that plaintiff failed to exhaust those

14  administrative remedies prior to bringing suit, which plaintiff confirmed in his response to the

15  magistrate judge's order to show cause.

16        Accordingly,

17  1.    The findings and recommendations filed on April 21, 2020 (Doc. No. 26) are

18        adopted in full;

19  2.    This action is dismissed without prejudice to the filing of a new action following

20        exhaustion if otherwise appropriate; and,

21  3.    The Clerk of the Court is directed to assign a district judge for the purposes of

22        closure and to close this case.

23  IT IS SO ORDERED.

24     Dated:   **June 2, 2020**                                    _____

25                                                                    UNITED STATES DISTRICT JUDGE

26

27

28