UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY WASHINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY SHERIFF, et al.,<br><br>    Defendants. | No. 1:19-cv-01069-DAD-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND FOR MISCELLANEOUS RELIEF<br><br>(Doc. No. 31) |

Plaintiff Perry Washington is detained in county jail and appearing *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 27, 2020, the assigned magistrate judge issued an order to show cause why this action should not be dismissed due to plaintiff's failure to exhaust his administrative remedies prior to filing suit.  (Doc. No. 22.)  The magistrate judge noted that plaintiff's claims stem from events that allegedly occurred less than two weeks before he initiated this civil rights action.  (*Id.* at 1.)  Plaintiff filed a response to the order to show cause on April 17, 2020.  (Doc. No. 25.)  In that response, plaintiff states that he exhausted his administrative remedies "[a]fter [he] filed suit on 'August 5, 2019.'"  (*Id.* at 2.)

Accordingly, on April 21, 2020, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed without prejudice due to

1   plaintiff's failure to exhaust his administrative remedies prior to filing suit as is required.  (Doc.
2   No. 26.)  The magistrate judge provided plaintiff 21 days to file objections.  (*Id.* at 3.)  Plaintiff
3   failed to file objections within the prescribed time.  On June 2, 2020, the undersigned adopted the
4   findings and recommendations, dismissing this action without prejudice to plaintiff's filing of a
5   new action once exhaustion of administrative remedies was complete.  (Doc. No. 28.)

6   On June 22, 2020, plaintiff filed a motion to reopen this case on the grounds that he
7   received the findings and recommendations through the Fresno County Jail's mail system after
8   the objection period had expired. (Doc. No. 31.)  With respect to the court's finding that he failed
9   to exhaust his administrative remedies, plaintiff states therein that, "the Fresno County Jail denied
10  me my right to a grievance process in 'August 2014' so I could not complete a process that did
11  not exist.  Furthermore I later completed this process."  (*Id.* at 1.)

12  The court construes plaintiff's motion to reopen this case as a motion for relief from a
13  judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.  The court also construes
14  plaintiff's statements regarding failure to exhaust as late-filed objections to the magistrate judge's
15  findings and recommendations.  The court will consider the objections here.  First, plaintiff's
16  contention that administrative remedies were unavailable in August 2014 is irrelevant to his
17  claims presented in this action, which stem from incidents that allegedly occurred in July 2019.
18  (*See* Doc. No. 19.)  Second, plaintiff admits, as he did in his response to the magistrate judge's
19  order to show cause, that he exhausted his administrative remedies only *after* initiating this civil
20  rights action.  As explained in the findings and recommendations, however, exhaustion cannot be
21  completed during the pendency of a lawsuit; it must be completed *prior* to filing a suit.
22  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002); *cf. Rhodes v. Robinson*, 621 F.3d 1002,
23  1005-07 (9th Cir. 2010).  For these reasons, the court will not set aside its order adopting the
24  findings and recommendations.  The court notes that it dismissed this case without prejudice
25  (Doc. No. 28 at 2); thus, if plaintiff has now exhausted his administrative remedies with respect to
26  his claims, he may file a new action if otherwise appropriate.

27  In addition to an order reopening this case, plaintiff requests other, miscellaneous relief,
28  including (1) subpoenas so that he may obtain his administrative grievances, citizen complaints,

and information from his physical therapist, (2) a court order directing Fresno County Jail staff to provide him a wheelchair and place him in "disabled housing," (3) a court order directing Fresno County Jail staff to take him to the hospital, and (4) a court order that he "be taken out of … custody." (Doc. No. 31 at 2-3.)

The court construes the first request as a request for subpoenas pursuant to Rule 45(a)(3) of the Federal Rules of Civil Procedure, and plaintiff's second and third requests as a motion for preliminary injunction. Because the court denies plaintiff's motion to reopen this case, and the case thereby remains closed, plaintiff's request for subpoenas and motion for preliminary injunction are moot and will be denied on that ground. With respect to plaintiff's request to "be taken out of . . . custody," plaintiff may not seek release from custody by way of a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, plaintiff's motion to reopen this action and for miscellaneous relief (Doc. No. 31) is denied in its entirety.

IT IS SO ORDERED.

Dated: **July 13, 2020**

UNITED STATES DISTRICT JUDGE